**STATE of Minnesota, Respondent,**

v.

**Richard Lee SWENSON, Appellant.**

**No. C7–86–686.**

Court of Appeals of Minnesota.

Dec. 2, 1986.

Review Denied Feb. 13, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Wayne Swanson, Polk Co. Atty., Crookston, for respondent.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and LANSING and LESLIE, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Richard Swenson appeals his conviction of arson in the second degree. We affirm.

### FACTS

On July 13, 1985, the Sekula building, an abandoned apartment building in Crookston, Minnesota, burned. In January 1986 a jury convicted appellant Richard Swenson of arson in the second degree for starting the fire. The primary witnesses at trial were Swenson's roommates at the time of the fire, Timothy Goosen and David Garrison.

Goosen and Garrison testified that on the evening of the fire they were with Swenson watching rented videos and drinking beer. Swenson grew restless and began talking about the old Sekula building, that it was an eyesore, and that he would "just like to get rid of it." At about 10 p.m. the three men drove to downtown Crookston in Garrison's car.

Swenson took with him in the car a white plastic gasoline container which had been used to fuel their lawnmower. Garrison testified it was one-quarter to one-half full of gasoline. Between 10:30 and 11 p.m., Swenson got out of the car behind the Sekula building. Garrison and Goosen continued on to visit a friend who worked at a nearby store.

Neither Garrison nor Goosen knew of Swenson's whereabouts until almost an hour later, when they discovered him on a street corner watching the building blaze. The three drove home together. Swenson told them that he had set the building on fire. He explained how he entered the building and also explained that the gasoline fumes ignited in a violent explosion, burning him and causing him to slightly injure his elbow. The blast forced him from the building, and he was unable to retrieve the gasoline container.

When questioned by Crookston police sometime after the fire, Garrison and Goosen gave similar statements implicating Swenson. Swenson was also questioned and admitted ownership of the gasoline container, but said it had been stolen before the fire. He denied any involvement in the fire and said his roommates fabricated their story.

Officers investigating the fire scene discovered the point of entry, a hole kicked through a boarded-up window. The window led into what had once been a bathroom; police observed a fresh footprint on a toilet seat located under the window. Investigators also found a white plastic jug containing a trace of gasoline just inside the entry point.

The day after the fire, an arson investigator took samples of the wood and other debris from the suspected ignition point

and sent them to the BCA crime laboratory. Analysis failed to detect the presence of any liquid accelerant. The lab report was sent to the Crookston Fire Department.

At trial, while cross-examining the arson investigator, defense counsel learned of the lab report. He immediately moved for a mistrial because the report had not been disclosed in pretrial discovery. The prosecutor denied knowing the tests had been run.[1] The trial court ordered the report to be delivered to defense counsel and offered him the opportunity for a continuance. After reviewing the report, defense counsel offered to withdraw the mistrial motion if the prosecutor would allow the report in evidence without calling the laboratory analyst. The prosecutor agreed. The jury found Swenson guilty of second-degree arson.

## ISSUES

1. Is the evidence, including the accomplice testimony, sufficient to support the conviction?

2. Did the prosecution's failure to disclose the laboratory report before trial deny appellant due process?

## ANALYSIS

### I

■ Under Minnesota law, a person may not be convicted upon uncorroborated accomplice testimony. Minn.Stat. § 634.04 (1984). The necessary corroboration need not come as direct evidence, but can be circumstantial evidence from which the person's guilt may be inferred. *State v. Jones*, 347 N.W.2d 796, 801 (Minn.1984). However, the circumstantial evidence must relate the person to the crime, and not simply show the crime occurred. *State v. Drews*, 274 Minn. 426, 144 N.W.2d 251 (1966).

Garrison and Goosen admitted they knew Swenson intended to burn the Sekula building. They are properly considered accomplices because they drove him to the building and did not attempt to stop him. *See State v. Jones*, 347 N.W.2d at 800.

■ However, there is circumstantial evidence which corroborates their testimony. Garrison and Goosen testified Swenson had a partially filled five-gallon gasoline container in the car, but did not have the container when he met them after the fire started. The same container was found, nearly empty, inside the burning building next to the point of entry. Swenson admitted ownership of the container. Swenson's acknowledged ownership of a central instrument in the crime supports the accomplice testimony. *See State v. Sorg*, 275 Minn. 1, 5, 144 N.W.2d 783, 786 (1966).

Although other evidence produced at trial tends more to confirm the occurrence of the crime rather than point to Swenson's guilt, it is nevertheless consistent with Garrison and Goosen's testimony. Swenson told his roommates he entered the building through a "fake wall" behind the building; the entry point was a window boarded up with plywood to look like a wall. A fresh footprint was found on the toilet seat just inside the window entry. Although the State could not establish a connection between Swenson and the print, it confirms a recent intrusion into the building.

Swenson argues that the circumstantial evidence in this case is insufficient to support his conviction, citing *State v. Berndt*, 392 N.W.2d 876 (Minn.1986). In *Berndt* the supreme court reversed defendant's conviction because it was based solely on circumstantial evidence and substantially all the circumstances were consistent with a rational hypothesis other than guilt. *Berndt*, 392 N.W.2d at 880. Here, Swenson's conviction did not rest solely on circumstantial evidence, but was based on accomplice testimony corroborated by circumstantial evidence. We find sufficient evidence to sustain Swenson's conviction.

---

1. On appeal appellant's attorney agrees the prosecutor had no knowledge of the testing or the exculpatory results of the testing before trial.

## II

Swenson claims the State's failure to disclose the BCA laboratory report denied him due process of law. Upon request of defense counsel, a prosecutor must disclose information in his possession or control, including all exculpatory information. Minn.R.Crim.P. 9.01. Swenson filed a demand for discovery. Because the BCA analysis did not detect accelerant in the materials submitted, the report is reasonably considered exculpatory.

It is undisputed on appeal that the county attorney did not know about the testing or the report before trial. The failure to disclose the report was apparently inadvertent.

The crucial factor in determining whether a conviction should be reversed because of a discovery violation is the existence of prejudice. *See State v. Smith,* 367 N.W.2d 497, 502 (Minn.1985). We fail to see how the prosecution's violation prejudiced Swenson's case. The report was admitted at trial. Additionally, Swenson's attorney was offered a continuance to evaluate the report and his case in light of the report. Instead, Swenson's attorney negotiated the admissibility of the report and withdrew the mistrial motion. Any prejudice which might have occurred was ameliorated at trial.

### DECISION

Affirmed.