STATE of Minnesota, Respondent,

v.

Fabian CAMPA, Appellant.

No. C7–86–1773.

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Denied Feb. 13, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Fabian Campa appeals from an order denying his motion for reduction of his sentence. We affirm.

## FACTS

Appellant was convicted of first degree intrafamilial sexual abuse, Minn.Stat. § 609.3641, subd. 1(2)(e) (1984).[1] The presentence investigation report stated that appellant's criminal history score was two and recommended a sentence of 65 months. The criminal history score included one point for appellant's 1981 federal conviction for theft of mail and one custody status point. The trial court sentenced appellant to imprisonment for 65 months based on a criminal history score of two.

Appellant appealed from his conviction and sentence.[2] We affirmed appellant's conviction, but remanded to the trial court for determination of his criminal history score. *See Campa,* 390 N.W.2d at 336. The opinion noted that appellant was convicted for multiple acts of sexual abuse committed in the period from January 1982 to December 1983 but was discharged from probation on March 20, 1983. *Id.* He had no access to the victim after April of 1983, when he separated from the victim's mother. *Id.* at 334. We remanded so the trial court could determine whether appellant had a custody status point. *Id.* at 336.

Upon remand, the parties submitted the matter on the record. The trial court found the jury was not instructed "to determine the precise dates on which the acts were committed." The trial court concluded that:

1. The state has the burden of establishing the defendant's criminal history score for sentencing purposes. * * *
2. In a case charging multiple acts of intrafamilial sexual abuse the state need not prove the precise dates of the crimes in order to obtain a conviction. * * * It would seem inconsistent to permit the state to obtain a criminal conviction by proving only the beginning and ending dates of the period during which the alleged crimes were committed but then

---

1. The statute was repealed by Laws 1985, c. 286, § 24. The offense is now defined by Minn.Stat. § 609.342, subd. 1(h)(v) (Supp.1985).

2. *State v. Campa,* 390 N.W.2d 333 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. Aug. 27, 1986). Appellant contended he was denied a fair trial by the admission of expert testimony and also disputed his criminal history score. *Id.* at 335.

require the state to prove exact dates for sentencing purposes.

3. For sentencing purposes the state has met its burden of showing that the crimes in question began as early as January 1982 and inferentially occurred at least several more times over the course of the next 13 months. The defendant was on probation during this entire period.

The trial court denied any reduction in appellant's sentence.

### ISSUE

Did the state establish that appellant had a custody status point?

### ANALYSIS

 The state has the burden of establishing a defendant's criminal history score. *Campa,* 390 N.W.2d at 336 (*citing State v. Edmison,* 379 N.W.2d 85, 87 (Minn.1985)); *see also State v. Marquetti,* 322 N.W.2d 316 (Minn.1982). A trial court may assign a custody status point if a defendant was on probation at the time the felony was committed. Minnesota Sentencing Guidelines II.B.2. The trial court must resolve any factual dispute bearing on a defendant's criminal history score. *See Campa,* 390 N.W.2d at 336 (*quoting State v. Olson,* 379 N.W.2d 524, 527 (Minn.1986)).

Appellant contends he could not be assigned a custody status point because the state did not establish that he committed any acts of sexual abuse while on probation. The state argues that appellant cannot prevail unless all the sexual abuse occurred between March 20 and April 15, 1983. The trial court concluded that some acts of sexual abuse inferentially occurred while appellant was on probation and assigned a custody status point.

Appellant was charged and convicted under a statute that does not require proof of a specific date as an element of the offense. *See* Minn.Stat. § 609.3641, subd. 1(2)(e) (1984). To obtain a conviction, the state need only show multiple acts of sexual abuse committed over an extended period of time. *Id.* The time period alleged in a complaint need not coincide with the first and last acts of sexual abuse, but provides notice to the defendant and guides the jury in their deliberations. *See State v. Eggert,* 358 N.W.2d 156, 160 (Minn.Ct.App. 1984).

Accordingly, the victim here never testified to a specific date, but did describe various acts of sexual abuse and said those acts "happened more than once." *Campa* at 334. Appellant was on probation for 14 months while he lived with the victim, but had access to her for only 26 days after he was discharged from probation. The record supports the conclusion that sexual abuse occurred while appellant was on probation. We conclude that the trial court did not err in assigning a custody status point. *See State v. Beard,* 380 N.W.2d 537 (Minn.Ct.App.1986).

### DECISION

The trial court did not err in determining that appellant had a custody status point because he committed the offense while on probation.

Affirmed.