**STATE of Minnesota, Respondent,**

v.

**Alan Clem GETTEL, Appellant.**

**No. C1–86–1655.**

Court of Appeals of Minnesota.

May 5, 1987.

Review Denied June 26, 1987.

Hubert H. Humphrey, III Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Roger S. VanHeel, Stearns Co. Atty., St. Cloud, for respondent.

C. Paul Jones, State Public Defender, Lawrence Hammerling, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, P.J., and HUSPENI and MULALLY *, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

A jury found appellant, Alan Gettel, guilty of third degree criminal sexual conduct, Minn.Stat. § 609.344, subd. 1(b) (1985) and procuring alcoholic beverages for a minor under Minn.Stat. § 340A.503, subd. 2(1) (Supp.1985). On appeal he argues that the evidence is insufficient to support his convictions; that the trial court committed reversible error when it gave a jury instruction based on a repealed statute; that the trial court abused its discretion when it departed durationally in its sentencing and that he was denied effective assistance of

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

counsel. We affirm in part, reverse in part and remand.

## FACTS

On Friday, November 15, 1985, thirteen year old C.O. and her friend S.W. went to visit C.O.'s half-brother, Mike Finken, on a farm he shared with appellant, Gettel. C.O.'s mother had given C.O. permission to go and said she believed Gettel's two children would also be at the farm for the weekend.

On the way to the farm, Gettel and Finken stopped and bought beer. That evening, Finken, Gettel, S.W. and C.O. played cards and drank beer. Both girls became intoxicated. C.O. could not remember if anyone had offered her the beer but recalled helping herself. S.W. stated that either Gettel or Finken had told her she could have some beer.

C.O. testified that after consuming several beers, she went into the living room and either fell asleep or passed out on the couch. The next thing she remembered was Gettel picking her up and taking her to his bedroom. She had very little memory of what occurred after this except that Gettel removed her clothing and had sexual intercourse with her. C.O. said that she tried to push Gettel away but he would not move. She said she then got dressed and returned to the couch where she stayed awake until morning when she found S.W. and told her what had happened. S.W. testified that C.O. was nervous and crying as she recounted what had happened with Gettel.

Carol Jacobs also lived at the farm and was a good friend of Gettel. She testified that on the evening of November 15 she worked the night shift at a local cafe and that Gettel had given her a ride home around 2:00 a.m. because her car was not working. Finken contradicted Jacobs by stating that her car was running and that she did not return until Saturday afternoon.

Jacobs testified that when they walked into the house she saw C.O. sleeping on the couch. Jacobs said that she and Gettel watched television until 4:00 or 5:00 a.m.

when Gettel went out to work in the garage and she went to sleep in Gettel's bedroom because the upstairs was too cold. When she awoke around 11:30 a.m. Jacobs saw C.O. still asleep on the couch. Jacobs also noted that Gettel had broken his leg and had the cast removed shortly before the alleged incident. She said because of this injury, he was unable to carry objects of any weight.

On Saturday around noon, a police officer came to the farm to get S.W. who had made the trip without her parents' permission. C.O. testified that she asked the deputy if he would take her home but he refused. C.O. said she did not pursue the matter because Gettel was in the room and she was afraid. The deputy confirmed that C.O. asked to return with them, but that she did not appear to be under any stress.

C.O. testified that on Saturday night the same scenario occurred with Gettel carrying her to his room and having intercourse with her. However, she stated that she was not intoxicated on Saturday evening. Jacobs also testified that Gettel had once again given her a ride home after she worked the night shift and they had watched television.

On December 24, 1985, C.O. and her family were gathered for Christmas Eve and Gettel was also there. During the evening C.O. became upset and confided to her sister and mother that Gettel had assaulted her. Gettel was confronted with the accusations and made statements to the effect that he had been drinking and did not remember what had happened. At trial both Finken and Ron Girtz, who had also lived with Gettel for a short time, testified that sometime before December 24 Gettel had told them he had sex with C.O.

The jury found Gettel guilty of both criminal sexual conduct in the third degree and providing alcohol to minors. Based on a criminal history score of 9, Gettel was sentenced to 91 months in prison for the criminal sexual assault charge. This represented a 30 month upward durational departure from the presumptive sentence.

For the gross misdemeanor conviction of furnishing alcohol, Gettel was fined $3,300.

## ISSUES

1. Is there sufficient evidence to sustain Gettel's conviction for third degree criminal sexual conduct?

2. Did the trial court commit reversible error when it instructed the jury on the elements of furnishing alcohol to a minor based on a repealed statute?

3. Did the trial court abuse its discretion by departing durationally when sentencing Gettel?

4. Was Gettel denied effective assistance of counsel?

## ANALYSIS

### I.

■ When reviewing a claim of insufficient evidence, this court must view the evidence in the light most favorable to the State and assume the jury believed the State's witnesses and disbelieved any contradictory evidence. *State v. Parker*, 353 N.W.2d 122, 127 (Minn.1984). Jury verdicts are presumed to be correct. Only where there is no reasonable evidence to sustain the verdict will this court reverse. *State v. Norgaard*, 272 Minn. 48, 52, 136 N.W.2d 628, 631–32 (1965).

■ Gettel argues that the evidence is insufficient to support his conviction for third degree criminal sexual conduct because C.O.'s testimony was not credible and was inadequately corroborated. Judging the credibility of witnesses is the function of the jury, and we defer to the jury's determination on this issue. *See State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978). Further, even though Minn.Stat. § 609.347, subd. 1 (1986) does not require that a victim's testimony be corroborated, there was testimony that if believed would corroborate C.O.'s testimony. Applying these standards to the record, we must conclude there is sufficient evidence for the jury to find Gettel guilty of third degree criminal sexual conduct.

### II.

The trial court based its jury instruction for the offense of providing alcoholic beverages to minors on a repealed statute. That statute provided:

> It is unlawful for any person, except a licensed pharmacist to sell, give, barter, furnish, deliver, or dispose of, in any manner, either directly or indirectly, any intoxicating liquors * * * to any person under the age of 19 years * * *.

Minn.Stat. § 340.73, subd. 1 (1984). (Repealed by 1985 Minn. Laws, ch. 305, art. 13.) The correct statute in effect at the time of the alleged offense provides:

> It is unlawful for any person: (1) to sell, barter, furnish, or give alcoholic beverages to a person under 19 years of age * *.

Minn.Stat. § 340A.503, subd. 2(1).

■ Defense counsel made no objection to this incorrect instruction at trial nor in a post-trial motion. If a claim of error is not presented to the trial court, this court may still review the claim "if the claim relates to error in 'fundamental law' in the jury instructions." *State v. Malaski*, 330 N.W.2d 447, 451 (Minn.1983). We believe that the jury instruction in this case did constitute such fundamental error.

The supreme court recently stated in *Becker v. Alloy Hardfacing & Engineering Co.*, 401 N.W.2d 655 (Minn.1987):

> When an issue is submitted to the jury on an erroneous instruction, a new trial should be granted unless it appears as a matter of law that the jury's determination is correct.

*Id.* at 660.

In the present case, the instruction the trial court gave allowed the jury to find Gettel guilty if he did "sell, give, barter, furnish, deliver, or dispose of, in any manner, either directly or indirectly" alcoholic beverages to C.O. Under the correct instruction the State must have proved that Gettel did "sell, barter, furnish or give" alcoholic beverages to C.O. This incorrect instruction was given to the jury three separate times and there were no instructions given that in any way corrected this erroneous instruction to make the charge

as a whole correct. *See State v. Intha-vong*, 402 N.W.2d 799 (Minn.1987).

The evidence presented on how C.O. obtained the beer she drank was sparse and contradictory. Neither counsel directed any significant attention to this issue in their closing arguments. Under these circumstances we cannot say what conclusion a jury might reach applying the correct instruction. Gettel is entitled to a new trial on this issue.

### III.

■ Trial courts are afforded broad discretion in departing durationally when sentencing, and absent a "strong feeling that the sanction imposed exceeds or is less than that 'proportional to the severity of the offense * * *,'" *State v. Schantzen*, 308 N.W.2d 484, 487 (Minn.1981), this court will not disturb the sentence. Gettel argues that the factors cited by the trial court did not warrant its upward durational departure in his sentence.

In its conclusions, the trial court gave three reasons for departing durationally:

1. The [appellant's] conduct included multiple acts of sexual penetration.
2. The victim was particularly vulnerable due to the combination of her prior use of alcohol, which the defense provided to her, and her sleep state at the time of the [appellant's] acts.
3. The victim was particularly vulnerable as a result of her mother's trust in the [appellant], whom she had known for years, and his intentional reliance on that trust to obtain her permission for a weekend visit by the victim under supervision by the [appellant] at his house.

The trial court found that Gettel "penetrated the victim vaginally with his penis on two consecutive evenings." Based on this finding the trial court concluded departure was in part warranted because "[Gettel's] conduct included multiple acts of sexual penetration." As Gettel notes, this exception is usually used for multiple types of penetration. In *State v. Morales*, 324 N.W.2d 374 (Minn.1982) the supreme court indicated:

In this case the rape was, as the trial court noted, typical in some ways. Indeed, in the sense that only vaginal penetration was involved and not any other forms of penetration—such as fellatio, cunnilingus or anal penetration—this case was not as serious as many cases, which often seem to involve two or more kinds of penetration.

*Id.* at 377.

■ Under this rationale, we do not believe the circumstances of the present case warrant a departure on the basis of multiple sexual penetrations. While the facts of this case would have permitted the State to file two separate charges against Gettel, the State chose not to do so. We do not believe, however, that it was appropriate for the trial court to describe what were essentially two offenses as "multiple acts of sexual penetration," and depart durationally upon that basis.

■ Giving due deference to the trial court's discretion in departure determinations, however, we conclude that the remaining factors set out by the trial court justified its departure. The trial court noted C.O.'s intoxication during one of the incidents as a reason for departure. A victim's vulnerability due to intoxication may be considered as a reason for departure. *See Ture v. State*, 353 N.W.2d 518, 522 (Minn.1984). Minn. Sentencing Guidelines II.D.103.2.b.(1). Under the facts of this case, two separate incidents were submitted to the jury under one charge. Gettel was found guilty of one count of criminal sexual conduct. Defense counsel made no objection to the verdict form or the charge. Under these circumstances the trial court may have properly inferred that the jury based its guilty verdict, at least in part, on the incident occurring when C.O. was intoxicated. *See State v. Campa*, 399 N.W.2d 160 (Minn.Ct.App.1987), *pet. for rev. denied*, (Minn. Feb. 13, 1987).

■ There is also some evidence in the record to support the trial court's conclusion that C.O. was particularly vulnerable due to her mother's trust in Gettel. Therefore, we cannot say that the trial court was clearly erroneous in relying on this factor

in departing durationally. In *State v. Schroeder*, 401 N.W.2d 671 (Minn.Ct.App.), *pet. for rev. denied*, (Minn. Apr. 23, 1987). This court noted that a victim's trust in a defendant could make her particularly vulnerable. *Id.* at 675. *See also* Minn. Sentencing Guidelines II.D.103.2.b.(4)(d).

### IV.

 Finally, Gettel argues that he was denied effective assistance of counsel because his attorney failed to spend adequate time with him and failed to adequately question a witness. The more appropriate procedure for raising a claim of ineffective assistance of counsel is through a postconviction hearing under Minn.Stat. §§ 590.-01–.06 (1986). This approach would have provided this court with "the facts concerning why defense counsel did or did not do certain things." *State v. Hanson*, 366 N.W.2d 377, 379 (Minn.Ct.App.1985).

Before an appellant will be granted a new trial on the ground of ineffective assistance of counsel, he must affirmatively prove that the representation " 'fell below an objective standard of reasonableness' " and " 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Gates v. State*, 398 N.W.2d 558, 561 (Minn.1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Based on the limited record before us on this issue, we must conclude Gettel has failed to prove he received inadequate legal representation.

### DECISION

There is sufficient evidence to sustain appellant's conviction for third degree criminal sexual conduct and the trial court was within its discretion in making an upward durational departure. Appellant is entitled to a new trial on the charge of providing alcoholic beverages to a minor.

Affirmed in part, reversed in part and remanded.