*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-1771**

Christopher Lee Konakowitz, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed September 2, 2025**
**Affirmed**
**Larson, Judge**

Brown County District Court
File No. 08-CR-19-938

Daniel L. Gerdts, Minneapolis, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Charles W. Hanson, Brown County Attorney, Jill M. Green, Assistant County Attorney,
New Ulm, Minnesota (for respondent)

Considered and decided by Bentley, Presiding Judge; Larson, Judge; and, Reilly,

Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**NONPRECEDENTIAL OPINION**

**LARSON**, Judge

After he received an aggravated sentence for second-degree criminal sexual conduct, Minn. Stat. § 609.343, subd. 1(a) (2014), appellant Christopher Lee Konakowitz argues the postconviction court abused its discretion when it summarily denied his petition for postconviction relief. Specifically, Konakowitz contends that his sentence is unlawful and that he received ineffective assistance of appellate counsel. We affirm.

**FACTS**

In October 2019, respondent State of Minnesota filed a criminal complaint alleging that Konakowitz sexually assaulted a child in Konakowitz's home five years prior. The state charged him with second-degree criminal sexual conduct under Minn. Stat. § 609.343, subd. 1(a). Under that provision, a person is guilty of second-degree criminal sexual conduct when they engage in sexual contact with a complainant who "is under 13 years of age and the [person] is more than 36 months older than the complainant." *Id.*

The case proceeded to a jury trial in July 2021. The jury found Konakowitz guilty. Based on the victim's testimony, the jury found on a special-verdict form that the victim was six years old at the time of the assault, she was asleep when the assault began, and she was unable to resist because she was asleep.

At sentencing, the state requested an upward durational departure—above the presumptive duration of 140 months in prison—based on the victim's age and her vulnerability due to being asleep. The district court granted the request, concluding that the victim's age and vulnerability due to sleep were separate aggravating factors that

2

supported an upward durational departure. Accordingly, the district court sentenced Konakowitz to 210 months in prison, with lifetime conditional release after confinement.[1]

In November 2021, Konakowitz filed a direct appeal. Konakowitz challenged his conviction, but not his sentence. We affirmed his conviction in a nonprecedential opinion. *See State v. Konakowitz*, No. A21-1577, 2023 WL 1097863, at *2-5 (Minn. App. Jan. 30, 2023), *rev. denied* (Minn. Apr. 18, 2023).

In June 2024, Konakowitz filed a petition for postconviction relief to challenge his sentence. First, Konakowitz argued that his sentence was unlawful because the district court relied on the victim's age as an aggravating factor. Second, Konakowitz argued that he received ineffective assistance of counsel because his appellate counsel failed to challenge his sentence on direct appeal.

In September 2024, the postconviction court issued an order summarily denying Konakowitz's petition for postconviction relief. The postconviction court agreed with Konakowitz that age was an inappropriate aggravating factor but determined that the sentence was nevertheless lawful because "particular vulnerability due to being asleep," by itself, justified the upward durational departure. The postconviction court also denied the ineffective-assistance-of-appellate-counsel claim.

Konakowitz appeals.

---

[1] For conduct involving a second victim, the district court convicted and sentenced Konakowitz for second-degree criminal sexual conduct. Konakowitz does not challenge that conviction and sentence on appeal.

**DECISION**

Konakowitz argues the postconviction court abused its discretion when it summarily denied his petition for postconviction relief. "[A] person convicted of a crime, who claims that . . . the sentence . . . violated the person's [legal] rights. . . may commence a proceeding to secure relief by filing a petition . . . ." Minn. Stat. § 590.01, subd. 1 (2022). A postconviction court must hold a hearing on a petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2022). To determine whether an evidentiary hearing is warranted, a postconviction court must construe the facts "in the light most favorable to the petitioner." *Brown v. State*, 895 N.W.2d 612, 618 (Minn. 2017). "An evidentiary hearing is not required unless the petitioner alleges such facts which, if proved by a fair preponderance of the evidence, would entitle him or her to the requested relief." *Id.* (quotations omitted).

We review a "summary denial of a petition for postconviction relief for an abuse of discretion." *El-Shabazz v. State*, 984 N.W.2d 569, 573 (Minn. 2023). "A postconviction court abuses its discretion when it has exercised its discretion in an arbitrary or capricious manner, based its rulings on an erroneous view of the law, or made clearly erroneous factual findings." *Pearson v. State*, 891 N.W.2d 590, 596 (Minn. 2017) (quotation omitted). To identify an abuse of discretion, we review legal issues de novo, but our "review of factual issues is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Id.* (quotation omitted).

Here, Konakowitz argues that (1) his sentence is unlawful and (2) he received ineffective assistance of appellate counsel. We address each argument in turn.

## I.

We begin with Konakowitz's challenge to his sentence. Konakowitz asserts the postconviction court abused its discretion when it denied him postconviction relief because the district court relied upon an unlawful basis for imposing an upward departure; specifically, the victim's age. The state rightly concedes that the district court legally erred when it relied on the victim's age as an aggravating factor,[2] but argues that the sentence was nevertheless lawful because the victim's vulnerability due to sleep justified the upward durational departure.

We review a district court's departure from the sentencing guidelines for an abuse of discretion. *State v. McIntosh*, 641 N.W.2d 3, 8 (Minn. 2002). A district court can depart from a presumptive sentence under the Minnesota Sentencing Guidelines only if the record presents "[s]ubstantial and compelling circumstances." *Id.* Circumstances are substantial and compelling when they show "that the defendant's conduct was significantly more or less serious than that typically involved in the commission of the offense in question." *State v. Edwards*, 774 N.W.2d 596, 601 (Minn. 2009) (quotation omitted).

---

[2] The supreme court has stated that a "victim's vulnerability . . . as to age" is an "inappropriate bas[is] for departure where those facts were already taken into account by the legislature in determining the degree of seriousness of the offense." *Taylor v. State*, 670 N.W.2d 584, 589-90 (Minn. 2003) (reversing an upward durational departure for first-degree criminal sexual conduct because the statute for the offense already accounted for age); *see also* Minn. Stat. § 609.343, subd. 1(a) (requiring victim to be under 13 years old and actor to be more than 36 months older than victim).

5

The Minnesota Sentencing Guidelines provide a "nonexclusive list" of aggravating factors that a district court may use to depart from a presumptive sentence. Minn. Sent'g Guidelines 2.D.3.b (2014). "The presence of a single aggravating factor is sufficient to uphold an upward departure." *State v. Weaver*, 796 N.W.2d 561, 571 (Minn. App. 2011) (quotation omitted), *rev. denied* (Minn. July 19, 2011).

Here, the district court relied on the victim's vulnerability due to sleep to support the upward departure. This was an appropriate basis for a departure. The Minnesota Sentencing Guidelines provide that an appropriate aggravating factor is a victim's particular vulnerability "due to . . . reduced physical or mental capacity." Minn. Sent'g Guidelines 2.D.3.b(1); *see also* Minn. Stat. § 244.10, subd. 5a(a)(1) (2014). When it is not an element of the crime, we have routinely affirmed a district court's reliance on vulnerability due to sleep to support an upward departure. *See State v. Skinner*, 450 N.W.2d 648, 653-54 (Minn. App. 1990), *rev. denied* (Minn. Feb. 28, 1990); *State v. Bingham*, 406 N.W.2d 567, 570 (Minn. App. 1987); *State v. Gettel*, 404 N.W.2d 902, 906-07 (Minn. App. 1987), *rev. denied* (Minn. June 26, 1987). In this case, the record justifies the district court's reliance on the victim's vulnerability due to sleep. The victim was sleeping in Konakowitz's home and awoke to him sexually assaulting her. Therefore, the district court was justified when it imposed an upward durational departure based only on the victim being vulnerable due to sleep.

Konakowitz disagrees, arguing that it was unlawful for the district court to consider the victim's vulnerability due to sleep because physical incapacity "would have constituted the basis for charging [him] with" fourth-degree criminal sexual conduct under Minn. Stat.

6

§ 609.345, subd. 1(d) (2014). He argues that the durational departure therefore cumulatively punishes his conduct and, thereby, violates Minn. Stat. § 609.035 (2014). We disagree.

Under Minn. Stat. § 244.10, subd. 5a(b) (2014), "[n]otwithstanding section . . . 609.035, . . . the court may order an aggravated [felony] sentence beyond the range specified in the sentencing guidelines grid based on any aggravating factor arising from the same course of conduct." The supreme court has interpreted the word "notwithstanding" as equivalent to "in spite of," meaning "Minn. Stat. § 609.035 does not prevent a district court from imposing an aggravated sentence under the circumstances set forth in section 244.10, subdivision 5a(b)." *State v. Fleming*, 883 N.W.2d 790, 795-96 (Minn. 2016) (quotation omitted). Therefore, Minn. Stat. § 244.10, subd. 5a(b), "allows a court to base an upward sentencing departure on *any* aggravating factor, even if the aggravating factor relates, or arises in connection with another offense committed during the same course of conduct." *Id.* at 797. Accordingly, Konakowitz's argument is unavailing.

Because the district court properly considered vulnerability due to sleep when it imposed the upward durational departure, and because—as the state concedes—the district court improperly considered vulnerability due to age, the postconviction court needed to determine "whether the district court would have imposed the same sentence absent reliance upon the improper aggravating factors." *State v. Mohamed*, 779 N.W.2d 93, 100 (Minn. App. 2010) (quotation omitted), *rev. denied* (Minn. May 18, 2010). To do so, it needed to assess "the weight given to the invalid factor[] and whether any remaining factors found by the court independently justify the departure." *Id.* (quotation omitted). If the

7

record was unclear as to whether the district court would have imposed the same sentence, remand was necessary for the district court to reconsider the sentence. *Id.*

Here, we conclude that postconviction court did not abuse its discretion when it determined the district court would have imposed the same sentence absent reliance on the victim's age. When the district court decided to depart, it described particular vulnerability due to age and particular vulnerability due to sleep as separate bases upon which it could depart. The district court's phrasing indicates that it considered the aggravating factors as independent bases for the upward durational departure. And, accordingly, it was not an abuse of discretion for the postconviction court to decide that the district court would have imposed the same sentence absent the improper factor.

We further note that the upward durational departure in this case was 70 months below a double upward durational departure, and we give "[g]reater discretion" to a district court's sentencing decision "when the sentence falls between the presumptive sentence and double the presumptive sentence." *State v. Rabold*, 935 N.W.2d 902, 908 (Minn. App. 2019). On this record, the sentence is not so disproportionate as compared to the severity of the offense—even with one aggregating factor—that it constitutes an abuse of discretion on the part of the district court.

For these reasons, we conclude the postconviction court did not abuse its discretion when it determined the district court did not impose an unlawful sentence.

## II.

Konakowitz argues second that the postconviction court abused its discretion when it denied his petition for postconviction relief because he received ineffective assistance of

8

appellate counsel. An ineffective-assistance-of-counsel claim involves mixed questions of law and fact, which we review de novo. *State v. Rhodes*, 657 N.W.2d 823, 842 (Minn. 2003).

"An ineffective assistance of counsel claim is an alleged violation of the right to reasonably effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 684-86, (1984)); *see also* U.S. Const. amends. VI, XIV; Minn. Const. art. I, § 6. We analyze ineffective-assistance-of-appellate-counsel claims under the two-prong *Strickland* test. *Rhodes*, 657 N.W.2d at 842; *Swenson v. State*, 426 N.W.2d 237, 239-40 (Minn. App. 1988). A defendant must show that: (1) their counsel's performance "fell below an objective standard of reasonableness" (performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different" (prejudice prong). *Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987) (quotations omitted). "A court may address the two prongs of the test in any order and may dispose of the claim on one prong without analyzing the other." *Schleicher v. State*, 718 N.W.2d 440, 447 (Minn. 2006).

Under the performance prong, "[t]o act within an objective standard of reasonableness, an attorney must provide his or her client with the representation that an attorney exercising the customary skills and diligence . . . of a reasonably competent attorney would perform under similar circumstances." *State v. Gustafson*, 610 N.W.2d 314, 320 (Minn. 2000) (quotation omitted). A strong presumption exists "that a counsel's

performance falls within the wide range of 'reasonable professional assistance.'" *State v. Jones*, 392 N.W.2d 224, 236 (Minn. 1986).

Here, Konakowitz did not allege facts that would affirmatively satisfy the performance prong because his argument relies solely on his assertion that he received an unlawful sentence. Because the postconviction court did not abuse its discretion when it concluded Konakowitz received a lawful sentence, Konakowitz cannot show that his appellate counsel's representation fell below an objective standard of reasonableness when they failed to raise the issue on direct appeal. *See Petersen v. State*, 937 N.W.2d 136, 140-41 (Minn. 2019) (determining that an attorney's representation did not fall below an objective standard of reasonableness when they did not challenge two guilty verdicts because the verdicts were lawful). Therefore, the postconviction court did not abuse its discretion when it denied Konakowitz's petition for postconviction relief based on his ineffective-assistance-of-appellate-counsel claim.

**Affirmed.**