*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-1575**

Cortez Deon Banks, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 15, 2026**
**Affirmed**
**Harris, Judge**

Hennepin County District Court
File No. 27-CR-21-17568

Cortez Deon Banks, Lino Lakes, Minnesota (pro se appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Mark V. Griffin, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Bond, Presiding Judge; Reyes, Judge; and Harris, Judge.

**NONPRECEDENTIAL OPINION**

**HARRIS**, Judge

Appellant challenges the district court's denial of his petition for postconviction relief, arguing that he is entitled to a new trial because of ineffective assistance of appellate counsel. Appellant contends that his appellate counsel was ineffective during his first appeal because he did not argue that a clerical error in the jury's verdict form and instances

of prosecutorial misconduct prejudiced his right to a fair trial. Because his appellate counsel's performance did not fall below the objective standard of reasonableness, we affirm.

**FACTS**

In the early morning hours of September 20, 2021, police officers responded to a 911 call on which multiple people were heard screaming. The officers entered the apartment and, in one of the bedrooms, found appellant Cortez Deon Banks lying naked on top of victim K.A., Banks's ex-girlfriend. K.A.'s mother, G.W., who is paralyzed from the waist down, was next to K.A. in the same bed and screaming, "he killed her." Banks's and K.A.'s two-year-old child was "standing on the side of the bed, screaming and crying." The officers observed that K.A., G.W., Banks, and the two-year-old child were all "covered in blood." Following a dispute between Banks and K.A., K.A. ran into G.W.'s bedroom and attempted to lock the door. Banks "pinned [K.A.] on [G.W.'s] bed, and began 'having sex' with [K.A.] while also stabbing her with a knife." As Banks stabbed and raped K.A., he yelled, "I'm going to kill you b-tch" and "Die b-tch!" G.W. sustained injuries as she "attempted to block the knife." K.A. was stabilized at the hospital and regained consciousness.

Respondent State of Minnesota charged Banks with attempted second-degree intentional murder, first-degree criminal sexual conduct (using force), first-degree assault-harm, second-degree assault with a dangerous weapon, and violation of an order for protection (OFP). *See* Minn. Stat. §§ 609.19, subd.1(1), .221, subd. 1, .222, subd. 1, .342, subd. 1(c)(ii), and 518B.01, subd. 14(d)(1) (2020). The matter proceeded to a jury trial,

and Banks informed the district court and the state that he intended to assert a self-defense claim. At trial, the state presented testimony from the responding officers, the sexual-assault nurse examiner, and G.W. Banks testified on his own behalf.

After both parties rested, the district court instructed the jury that, "First one is Count 1, attempted murder in the second degree with intent. Under Minnesota law, whoever attempts to intentionally cause the death of another person but without premeditation is guilty of attempted murder in the second degree." In explaining the elements of this charge, the district court stated that "the State must prove [Banks] attempted to cause the death of [K.A.]."

The jury found Banks guilty of attempted second-degree murder (count 1), violation of an OFP (count 3), second-degree assault (count 5), and third-degree assault (count 6).[1] The district court convicted him on all four counts and sentenced him to 200 months in prison for second-degree attempted murder, 32 months for violating an OFP, and 21 months for second-degree assault with a dangerous weapon, to be served consecutively.

At his sentencing hearing, Banks's counsel informed the district court and the state of an error in the verdict form for attempted second-degree murder. The verdict form read "Murder in the Second Degree" instead of "Attempted Murder in the Second Degree." Therefore, Banks argued that the jury's guilty verdict on that count should be vacated. The state argued that the omission amounted to a clerical error and reminded the district court that throughout the entire case, the state described the charged crime as an attempt to kill.

---

[1] Banks was acquitted of first-degree criminal sexual conduct and first-degree assault.

The state also argued that clerical mistakes may be corrected by the district court at any time under Minnesota Rule of Criminal Procedure 27.03, subdivision 10.

The district court determined that the omission of the attempt modifier in the verdict form resulted from a clerical error and that it did not prejudice Banks. It explained that had the jury "considered 'murder' rather than 'attempted murder' the clerical mistake would have prejudiced the State because it would have added an element impossible for it to prove; specifically, the death of a victim who indisputably did not die." Furthermore, each juror was provided with a copy of the jury instructions that "clearly and properly laid out the charge for count one, which was 'attempted murder in the second degree.'" The district court concluded that the clerical error was harmless and lawfully corrected it to reflect that Banks was charged with "Attempted Murder in the Second Degree."

In May 2022, Banks filed a direct appeal challenging his convictions, arguing that the district court erred by (1) permitting hearsay testimony by the sexual-assault nurse examiner, (2) sentencing him for attempted murder and violating an OFP because the offenses arose from a single behavioral incident, and (3) denying his request for a mistrial after an alleged discovery violation by the state. In his pro se supplemental brief, Banks alleged that he received ineffective assistance of counsel because his counsel (1) did not object to or move to suppress the inspector's rebuttal testimony relaying what Banks had said during his custodial investigation, (2) failed to hire an expert witness, and (3) failed to adequately represent him at sentencing by deciding not to interview his family members or seek "experts to further analyze his mental state." In July 2023, this court affirmed. *State*

*v. Banks*, A22-0745, 2023 WL 4862922, at \*7-8 (Minn. App. July 31, 2023), *rev. denied* (Minn. Oct. 25, 2023).

Approximately two years later, Banks filed a petition for postconviction relief under Minnesota Statutes section 590.01 (2024), claiming ineffective assistance of appellate counsel. He contended that his appellate counsel failed to raise, in his view, two stronger grounds for relief: (1) the clerical error in the verdict form, and (2) allegations of prosecutorial misconduct. Banks additionally requested a hearing to resolve his claims. The state opposed the petition, arguing that the verdict-form error was procedurally barred, and that Banks's counsel was not required to raise all possible defenses.

The postconviction court denied Banks's petition without an evidentiary hearing. It determined that Banks's claim of ineffective assistance of counsel was not procedurally barred but that his claims lacked merit. The district court also concluded that Banks raised no credibility issues that would require a hearing. Banks appeals.

## DECISION

**I.    The postconviction court did not abuse its discretion when it denied Banks's petition for postconviction relief because he failed to demonstrate that his appellate counsel's performance fell below an objective standard of reasonableness.**

Banks argues that the district court abused its discretion by denying his petition for postconviction relief due to ineffective assistance of appellate counsel. He contends that his appellate counsel on direct appeal was ineffective by failing to raise the verdict-form error and a claim of prosecutorial misconduct. Each argument is addressed in turn.

5

"We review the summary denial of a petition for postconviction relief for an abuse of discretion." *El-Shabazz v. State*, 984 N.W.2d 569, 573 (Minn. 2023). "A [postconviction] court abuses its discretion when it has exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." *Id.* (quotation omitted). The postconviction court's factual findings are reviewed for clear error, and its legal conclusions are reviewed de novo. *Id.* However, "[b]ecause claims of ineffective assistance of counsel are mixed questions of law and fact, we review the postconviction court's legal conclusions on such questions de novo." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013).

The United States and Minnesota Constitutions guarantee a criminal defendant "the right to effective assistance of counsel." *Taylor v. State*, 887 N.W.2d 821, 823 (Minn. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To succeed on an ineffective-assistance-of-counsel claim, Banks needed to satisfy the two-pronged *Strickland* test. *Strickland*, 466 U.S. at 687; *Peltier v. State*, 946 N.W.2d 369, 372 (Minn. 2020) (applying *Strickland* test to a postconviction petition alleging ineffective assistance of counsel). Under this test, Banks must show that "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) a reasonable possibility exists that the outcome would have been different, but for counsel's errors." *State v. Mosley*, 895 N.W.2d 585, 591 (Minn. 2017) (quotation omitted). If one of these prongs is not satisfied, we may dispose of the claim without considering the other prong. *Peltier*, 946 N.W.2d at 372.

The Minnesota Supreme Court has held that an "appellate counsel's failure to raise meritless claims does not constitute deficient performance." *Schleicher v. State*, 718 N.W.2d 440, 449 (Minn. 2006). Additionally, an appellate counsel "has no duty to raise all possible issues, and may choose to present only the most meritorious claims to the court." *Zornes v. State*, 880 N.W.2d 363, 371 (Minn. 2016); *see also Wright v. State*, 765 N.W.2d 85, 91 (Minn. 2009) ("Counsel does not act unreasonably by not asserting claims that counsel could have legitimately concluded would not prevail."). Notably, "[w]e give trial counsel wide latitude to determine the best strategy for the client." *Nicks*, 831 N.W.2d at 506; *see State v. Rhodes*, 657 N.W.2d 823, 844 (Minn. 2003) (stating that an appellate court's "scrutiny of counsel's performance must be highly deferential") (quotation omitted). And general assertions of error without pointing to specific facts in the record are inadequate to show ineffective assistance of counsel. *State v. Miller*, 666 N.W.2d 703, 717-18 (Minn. 2003).

With these principles in mind, we consider Banks's first argument that his appellate counsel should have raised the verdict-form error on direct appeal.

Here, the postconviction court determined that Banks's appellate counsel's decision not to raise the clerical error on appeal would not have led to a different result. It reasoned that "[a]t no point in the trial did anyone allege the victim of count 1 was dead." Although K.A. did not testify, the parties presented evidence and made arguments indicating that K.A. survived the incident. In fact, Banks testified that he contacted her "600 hundred times or something" and sent her letters. The prosecutor's opening and closing arguments reflected that the state had charged Banks with "attempted murder," and Bank's trial

7

counsel even reminded the jury during closing argument that Banks was charged with attempted murder. The postconviction court thus concluded that "it was not unreasonable for [his] appellate attorney to choose not to raise that issue in this case."

The postconviction court did not err when it determined that Banks's appellate counsel did not act unreasonably by deciding not to pursue the verdict-form-clerical-error argument. From opening statements through closing argument and sentencing, the record reflects that Banks was charged with attempted second-degree murder, and the jury was instructed as such. And, notably, Banks was convicted and sentenced based on attempted murder. Neither the prosecutor nor Banks's defense counsel at trial noticed the omission of the word "attempted" in the verdict form at the time. It was only because of a news article that described Banks being found guilty of murder that the parties discovered the inconsistency. And the district court subsequently corrected the clerical error in a written order. In short, the verdict-form error would have lacked merit on direct appeal, and so appellate counsel's decision not to raise this argument did not fall below the objective standard of reasonableness.

## II.     Banks waived his inadequately briefed prosecutorial-misconduct argument.

Banks also asserts a claim of prosecutorial misconduct. But he does not identify any specific instance of alleged misconduct or develop any argument supporting the claim. We do not assume error on appeal. *See State v. Fleming*, 869 N.W.2d 319, 329 (Minn. App. 2015) (citing *Loth v. Loth*, 35 N.W.2d 542, 546 (Minn. 1949) (stating that "on appeal error is never presumed" (quotation omitted)), *aff'd*, 883 N.W.2d 790 (Minn. 2016). Mere assertions of error without supporting authority or argument are inadequately briefed and

are waived unless prejudicial error is obvious on mere inspection. *State v. Andersen*, 871 N.W.2d 910, 915 (Minn. 2015). Because Banks inadequately briefed this issue, we decline to address it. *See McKenzie v. State*, 583 N.W.2d 744, 746 n.1 (Minn. 1998) (applying the rule that arguments not briefed are waived in an appeal in which the appellant "allude[d] to" an issue but "fail[ed] to address them in the argument portion of his brief.").[2]

Banks fails to show that the outcome of his case would have been different had his appellate counsel pursued either the verdict-form error or the allegations of prosecutorial misconduct during his direct appeal. Given the wide discretion we afford attorneys in trial strategy and the presumption of reasonable professional assistance, *State v. Jones*, 392 N.W.2d 224, 236 (Minn. 1986), Banks's ineffective-assistance-of-counsel claim fails. The postconviction court's findings are supported by the record, and its denial of Banks's petition for relief was not an abuse of discretion. Because Banks has not satisfied the first *Strickland* prong, we need not consider the second prong.

Accordingly, we reject all of Banks's arguments challenging his conviction.

**Affirmed.**

---

[2] We have reviewed the claims Banks made in the postconviction petition and discern no error in the district court's determination that appellate counsel did not act unreasonably by not raising claims of prosecutorial misconduct on direct appeal.